IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GI ASSOCIATES OF DELAWARE, P.A., ADVANCE ENDOSCOPY CENTER, LLC, and NATWARLAL RAMANI, M.D., | § § § § § | No. 355, 2022 |
| | § | Court Below—Superior Court |
| Defendants Below, | § | of the State of Delaware |
| Appellants, | § | |
| | § | C.A. No. N18C-04-158 |
| v. | § | |
| | § | |
| MONICA KING ANDERSON, Individually and as the Personal Representative of the ESTATE OF WILLIAM KING, STEPHANIE KING, HEATHER GUERKE, and AMBER WITHROW, | § § § § § § § § § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: September 23, 2022
Decided: October 21, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After careful consideration of the notice of interlocutory appeal and the exhibits, it appears to the Court that:

(1)  The appellants, GI Associates of Delaware, P.A., Advance Endoscopy Center, LLC, and Dr. Natwarlal Ramani, M.D. (collectively, the "Medical Providers"), have filed this interlocutory appeal from the Superior Court's opinion,

dated August 24, 2022, denying the Medical Providers' second motion for summary judgment ("the Opinion").[1] The appeal arises from a medical negligence action.

(2) Dr. Ramani is a gastroenterologist who performed colonoscopies on William King, a patient at high risk of developing colorectal cancer. In April 2011, Dr. Ramani performed a colonoscopy that showed benign tumors in King's colon. On April 26, 2011, Dr. Ramani directed King to return for another colonoscopy in three to five years. King returned for a colonoscopy on March 23 2016,[2] but Dr. Ramani could not complete the procedure on that date because a malignant growth had formed in King's colon. King died a few months later. The Estate of William King and members of King's family (together, the "Plaintiffs") filed a medical negligence action against the Medical Providers on April 16, 2018.

(3) In their first motion for summary judgment, the Medical Providers argued that the statute the statute of limitations under 18 *Del. C.* § 6856 had expired by April 26, 2014, three years after the date that Dr. Ramani told King to return for a colonoscopy in three to five years. Applying the doctrine of continuous negligent medical treatment, the Superior Court denied the motion for summary judgment.[3] The court determined that Dr. Ramani's recommendation on April 26, 2011 that

---

[1] *Anderson v. GI Assocs. of Delaware, P.A.*, 2022 WL 3696776 (Del. Super. Ct. Aug. 24, 2022).
[2] Previous decisions refer to the attempted colonoscopy as occurring on March 26, 2016, but the parties agree that the attempt took place on March 23, 2016.
[3] *Anderson v. GI Assocs. of Delaware, P.A.*, 2020 WL 2070342, at *4-6 (Del. Super. Ct. Apr. 28, 2020).

2

King return for a colonoscopy in three to five years and the attempted colonoscopy in March 2016—which the Plaintiffs did not contend was negligently performed—constituted a continuous wrong.[4] The court rejected the Medical Providers' contention that the last act in the continuum must be a negligent act and held that the last act occurred in March 2016, when Dr. Ramani attempted but could not complete the repeat colonoscopy.[5]

(4) On interlocutory appeal, this Court reversed the Superior Court's ruling that the statute of limitations began to run in March 2016 under the continuous negligent medical treatment doctrine.[6] The Court held that the doctrine did not apply in this case because the statute of limitations runs from the last act in the continuum of negligent treatment under that doctrine and there was no allegation of negligence associated with the colonoscopy attempted in March 2016.[7] The Court also held that Section 6856 did not require the date of the alleged negligent act (April 26, 2011 in this case) to be the same as the date of the injury.[8] If the Medical Providers pursued a statute of limitations defense on remand, this Court stated that the Superior Court should make a factual finding as to when the date of injury occurred and apply 18 *Del. C.* § 6856 to that finding.[9]

---

[4] *Id.* at *6.
[5] *Id.* at *5-6.
[6] *GI Assocs. of Delaware, P.A. v. Anderson*, 247 A.3d 674 (Del. 2021).
[7] *Id.* at 681.
[8] *Id.* at 685.
[9] *Id.*

(5)     On February 15, 2022, the Medical Providers filed their second motion for summary judgment.  Relying on the deposition testimony of Plaintiffs' expert, the Medical Providers argued that the date of King's injury was on or before April 26, 2014 because if a colonoscopy had been performed by that date, then the cancer would have been diagnosed and more treatable.  Under either a two-year or three-year statute of limitations, the complaint would therefore be time-barred.  The Medical Providers argued in the alternative that Plaintiffs had not established the requisite causal connection between breach and injury.  Plaintiffs opposed the motion, arguing that the date of injury coincided with the occurrence of metastatic cancer identified by Plaintiffs' expert—sometime between April 11, 2016 and June 23, 2016.

(6)     On August 24, 2022, the Superior Court issued an opinion denying the motion for summary judgment.[10]  The court rejected the injury date offered by the Medical Providers, finding "no support under 18 *Del. C.* § 6856, case law, or this record that would allow it to determine an occurrence of injury existed on or before April 26, 2014."[11]  The court emphasized that it could not make such a factual finding where the "only medical proffer" as to that date was "Plaintiffs' expert opinion that *if* the colonoscopy had been performed on or before this date (three

---

[10] *Anderson*, 2022 WL 3696776, at *1.
[11] *Id.* at *6.

4

years after Dr. Ramani found the benign tumors), then the cancer, *if* diagnosed at that time, would have been more treatable."[12]  As between the two dates offered by the parties and considering all facts and reasonable inferences in a light most favorable to Plaintiffs under Superior Court Civil Rule 56, the court accepted Plaintiffs' argument that King "suffered an occurrence of injury of metastatic disease" as early as April 11, 2016 for purposes of "personal injury" under Section 6856.[13]  Based on the notice of intent provided by Plaintiffs under Section 6856(4), the court found Plaintiffs' claims timely.[14]  Finally, the court found there was a genuine issue of material fact as to the causal nexus between Dr. Ramani's alleged negligence and King's death.[15]

(7)  The Medical Providers filed a timely application for certification of an interlocutory appeal.  Plaintiffs took no position on the application.  The Superior Court granted certification on September 21, 2022.  The found that the Opinion decided a substantial issue of material importance.  As to the Rule 42(b)(iii) criteria, the court found that Rule 42(b)(iii)(A) (question of law resolved for first time in Delaware), Rule 42(b)(iii)(C) (question of law relating to construction of statute that has not been, but should be, settled in advance of final order), Rule 42(B)(iii)(G)

---

[12] *Id.* at *5-*6.
[13] *Id.* at *7.
[14] *Id.*
[15] *Id.* at *7-8.

(interlocutory review may terminate the litigation), and Rule 42(b)(iii)(H) (considerations of justice) weighed in favor of certification.

(8) Applications for interlocutory review are addressed to the sound discretion of the Court.[16] In the exercise of its discretion and giving due weight to the Superior Court's analysis, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). There appear to be genuine issues of material fact that remain unresolved. Under these circumstances, the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[17]

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[16] Supr. Ct. R. 42(d)(v).
[17] Supr. Ct. R. 42(b)(iii).